Chad E. Nydegger (Bar #9964)
WORKMAN │ NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
T: 801.533.9800
F: 801.328.1701
cnydegger@wnlaw.com

Dean L. Franklin (*pro hac vice to be filed*)
Justin P. Mulligan (*pro hac vice to be filed*)
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, MO 63101
T: 314.552.6000
F: 314.552.7000
dfranklin@thompsoncoburn.com
jmulligan@thompsoncoburn.com

*Attorneys for Commercial Metals Company*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANKLIN COVEY CO.,<br><br>               Plaintiff,<br><br>    v.<br><br>COMMERCIAL METALS COMPANY,<br><br>             Defendant. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:16-cv-01221-DBP<br><br>Magistrate Judge Dustin B. Pead |

**MOTION**

Defendant Commercial Metals Company ("CMC") hereby moves to dismiss this case for lack of personal jurisdiction and improper venue. CMC has had no contacts with this state relating to this lawsuit. CMC is incorporated in Delaware and its principle place of business is located in Texas. The preparation of training materials, which Plaintiff claims violates its copyright, was done in Texas, not Utah. The training materials have never been distributed or presented in Utah. In fact, the only connection with the State of Utah relating to this copyright infringement action is that Plaintiff—the copyright owner—happens to be located here. This random and fortuitous fact—one that CMC was unaware of at the time of its alleged actions—cannot render CMC subject to personal jurisdiction in this state. To rule otherwise would violate federal due process and offend the traditional notions of fair play and substantial justice. Therefore, CMC respectfully requests that this Court dismiss this action for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

DATED this 24th day of April, 2017.

WORKMAN NYDEGGER

By  /s/*Chad E. Nydegger*
        CHAD E. NYDEGGER

THOMPSON COBURN LLP

Dean L. Franklin (*pro hac vice to be filed*)
Justin P. Mulligan (*pro hac vice to be filed*)

*Attorneys for Commercial Metals Company*

ii

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION. ...................................................................................................1

II.     ARGUMENT ........................................................................................................1

      A.      Factual Background ...................................................................................1

      B.      This Court Lacks Personal Jurisdiction over CMC ...................................2

            1.      Legal Standard ...............................................................................2

            2.      CMC is Not "At Home" in Utah; therefore, this Court Cannot Establish General Jurisdiction.......................................................5

            3.      CMC Lacks the Minimum Contracts Required to Establish Specific Jurisdiction.......................................................................8

                 a)      All Acts giving rise to this copyright infringement claim occurred outside of Utah; therefore, specific personal jurisdiction is improper. ................................................9

                 b)      None of the actions taken by CMC were "purposefully directed" at Utah. ........................................................11

            4.      Exercising Jurisdiction over CMC would Violate Traditional Notions of Fair Play and Substantial Justice...............................13

      C.      For the Same Reasons that this Court Lacks Personal Jurisdiction, Venue is Not Proper in this Court. ....................................................................14

III.    CONCLUSION....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Covers, Inc. v. Serious Scents, Inc.,*
    No. 2:13-cv-01032, 2014 WL 4956353 (D. Utah Oct. 1, 2014)...........................................3, 11

*Asahi Metal Industry Co. v. Superior Court of California,*
    480 U.S. 102, S. Ct. 1026 (1987)......................................................................................8

*AST Sports Sci., Inc. v. CLF Distribution Ltd.,*
    514 F.3d 1054 (10th Cir. 2008) .......................................................................................4

*Brown v. Lockheed Corp.,*
    814 F.3d 619 (2d Cir. 2016)..............................................................................................7

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462, 105 S. Ct. 2174 (1985)...........................................................................6, 8

*Calder v. Jones,*
    465 U.S. 783, 104 S. Ct. 1482 (1984).................................................................10, 11, 12

*ClearOne Commc'ns, Inc. v. Bowers,*
    643 F.3d 735 (10th Cir. 2011) ..........................................................................................3

*Daimler Ag v. Bauman,*
    134 S. Ct. 746 (2014).........................................................................................4, 5, 6, 7

*Dimitrov v. Nissan North America, Inc.,*
    Case No. 15 C 06332, 2015 WL 9304490 (N.D. Ill. Dec. 22, 2015)......................................6

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,*
    514 F.3d 1063 (10th Cir. 2008) ...........................................................................3, 8, 11, 12

*Far West Capital, Inc. v. Towne,*
    46 F.3d 1071 (10th Cir. 1995) .........................................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915, 131 S. Ct. 2846 (2011)...........................................................................3, 5

*Grynberg v. Ivanhoe Energy, Inc.,*
    490 Fed. Appx. 86 (10th Cir. 2012).................................................................................12

*Gucci America, Inc. v. Weixing Li,*
    768 F.3d 122 (2d Cir. 2014)..............................................................................................7

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310, 66 S. Ct. 154 (1945)........................................................3

*Keeton v. Hustle Magazine, Inc.*,
   465 U.S. 770, 104 S.Ct. 1473 (1984)....................................................9

*Kindig It Design, Inc. v. Creative Controls, Inc.*,
   157 F. Supp. 3d 1167 (D. Utah 2016)....................................................4

*Martinez v. Aero Caribbean*,
   764 F.3d 1062 (9th Cir. 2014) ..............................................................7

*Melea, Ltd. v. Jawer SA*,
   511 F.3d 1060 (10th Cir. 2007) .............................................................3

*Nicholson v. E-Telequote Ins., Inc.*,
   Case No. 14-cv-4269, 2015 WL 5950659 (N.D. Ill. Oct. 13, 2015) ........7

*NTE LLC v. Kenny Construction Co.*,
   No. 14 C 9558, 2015 WL 6407532 (N.D. Ill. Oct. 21, 2015) .................11

*Nu Image, Inc. v. Does 1-23*,
   799 F. Supp. 34 (D.D.C. 2011) .............................................................9

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*,
   149 F.3d 1086 (10th Cir. 1998) ........................................................8, 13

*Private Capital Grp., Inc. v. Dareus*,
   No. 2:13-CV-18, 2014 WL 3394662 (D. Utah July 10, 2014) ................4

*Pro Axess, Inc. v. Orlux Distrib., Inc.*,
   428 F.3d 1270 (10th Cir. 2005) .............................................................2

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001)................................................................11

*Rush v. Savchuk*,
   444 U.S. 320, 100 S. Ct. 571 (1980).....................................................9

*Shaffer v. Heitner*,
   433 U.S. 186, 97 S.Ct. 2569 (1977).......................................................9

*Shrader v. Biddinger*,
   633 F.3d 1235 (10th Cir. 2011) ...........................................................11

*Soma Med. Int'l v. Standard Chartered Bank*,
   196 F.3d 1292 (10th Cir. 1999) .............................................................3

*Tombstone Exploration Corp. v. EuroGas, Inc.*,
  No. 2:15-cv-00195, 2015 WL 5883327 (D. Utah Oct. 8, 2015)................................3

*U.S. Bank National Assoc. v. Bank of America, N.A.*,
  14 C 1492, 2015 WL 5971126 (S.D. Ind. Oct. 14, 2015).........................................6

*U.S. v. Duran-Salazar*,
  307 Fed.Appx. 209 (10th Cir. 2009)......................................................................3

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014).............................................................................4, 8, 9, 10

*Younique, LLC v. Youssef*,
  Case No. 2:15-cv-00783, 2016 WL 6998659 (D. Utah Nov. 30, 2016)...................4

## Statutes and Rules

28 U.S.C. § 1391(c) ...............................................................................................14

28 U.S.C. § 1400(a) ...............................................................................................14

Fed. R. Civ. P. 12(b)(2)......................................................................................1, 15

Fed. R. Civ. P. 12(b)(3)......................................................................................1, 15

## Other Authorities

5 Patry on Copyright § 17:151................................................................................9

U.S. Dist. Courts – National Judicial Caseload Profile, available at
  http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile12
  31.2016.pdf ..................................................................................................13, 14

<u>**MEMORANDUM**</u>

## I.   INTRODUCTION.

The Court should dismiss this case because it lacks both general and specific personal jurisdiction over Defendant Commercial Metals Company ("CMC"). This Court lacks general personal jurisdiction over CMC because CMC is not "at home" in Utah.  CMC is incorporated in Delaware and its principle place of business is located in Texas. Additionally, Plaintiff has not alleged any CMC contacts with Utah sufficient to render it "essentially at home" in Utah, and indeed, CMC does not have contacts with Utah sufficient to render it "essentially at home" in Utah.

Plaintiff cannot establish specific personal jurisdiction over CMC in Utah because CMC has had no contacts with this state relating to Plaintiff's claims for copyright infringement brought in this lawsuit. The preparation of training materials, which Plaintiff claims violates its copyright, was done in Texas, not Utah. The training materials have never been distributed or presented in Utah. In fact, the only connection with the State of Utah relating to this copyright infringement action is that Plaintiff—the copyright owner—happens to be located here. This random and fortuitous fact—one that CMC was unaware of at the time of its alleged actions—cannot render CMC subject to personal jurisdiction in this state. To rule otherwise would violate federal due process and offend traditional notions of fair play and substantial justice. Therefore, CMC respectfully requests that this Court dismiss this action for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

## II.   ARGUMENT

### A.   Factual Background

CMC is a global metal manufacturing, recycling and trading company. Its steel beams can be found in buildings around the world, including, but not limited to, football stadiums,

airports, infrastructure in Saudi Arabia, and skyscrapers in Singapore. The company was founded in 1915 and started with a single plant in Texas. Since then, the company has grown to have a physical presence in over twenty-five states and elsewhere across the world. Out of its worldwide presence, CMC maintains a single location in the State of Utah—a fence post manufacturing facility. That facility employs 17 people, accounting for only 0.2% of its employee population in the United States.

From time to time, CMC provides training seminars for its employees. At these training seminars, the employees are provided with their own participant workbook, which corresponds with the lectures given throughout the seminar (collectively "Training Materials"). Plaintiff claims that the Training Materials depict identical and/or substantially similar versions of copyright-protected content, including but not limited to The 5 Choices, The 7 Habits, and The Time Matrix. Given that CMC maintains a single location of operation in Utah, Plaintiff makes the assumption that CMC copied, distributed, or prepared derivative works based on the copyright-protected works in Utah. *See* Dkt. No. 1, ¶ 57. This is incorrect. The Training Materials were prepared in Texas and were never printed or distributed in Utah. Through a declaration, attached hereto as **Exhibit 1,** the truth of the jurisdictional allegations in the Complaint have been expressly contradicted. Therefore, absent additional evidence by Plaintiff, there are no facts to support the allegation that any of the actions giving rise to the copyright infringement claim occurred in or were directed to Utah. Accordingly, this Court cannot exercise either general or specific personal jurisdiction over CMC in this forum.

## B.   This Court Lacks Personal Jurisdiction over CMC

### 1.   Legal Standard

The Plaintiff "has the burden of proving that the court's exercise of jurisdiction [is] proper…by a preponderance of the evidence." *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d

1270, 1276 (10th Cir. 2005) (citation omitted). The jurisdictional allegations are accepted as true *unless* those allegations are merely conclusory, contradicted by the record, or inherently incredible. *See U.S. v. Duran-Salazar,* 307 Fed.Appx. 209, 213 (10th Cir. 2009); *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007).

"For personal jurisdiction over a nonresident defendant, the jurisdiction must be 'legitimate under the laws of the forum state' and exercising the jurisdiction 'does not offend the due process clause of the Fourteenth Amendment.'" *Tombstone Exploration Corp. v. EuroGas, Inc.*, No. 2:15-cv-00195, 2015 WL 5883327, at *2 (D. Utah Oct. 8, 2015) (citing *ClearOne Commc'ns, Inc. v. Bowers,* 643 F.3d 735, 763 (10th Cir. 2011)). "In Utah, 'any set of circumstances that satisfies due process will also satisfy Utah's long-arm statute.'" *American Covers, Inc. v. Serious Scents, Inc.*, No. 2:13-cv-01032, 2014 WL 4956353, at *2 (D. Utah Oct. 1, 2014) (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999)). Accordingly, this Court should "proceed to analyze whether the exercise of jurisdiction over [Defendant] satisfies federal due process standards." *Id*.

Due process requires the defendant to "have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The "minimum contacts" requirement can be met in one of two ways.

First, a court can exercise general jurisdiction over an out-of-state company to hear any claim against it if "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (internal quotation marks omitted).

However, as stressed by the Supreme Court, absent extraordinary circumstances, a defendant corporation should not be found "at home" beyond the state in which it is incorporated and the state in which its principle place of business is located. *See Daimler Ag v. Bauman*, 134 S. Ct. 746, 762 n. 19, 187 L. Ed. 624 (2014).

Second, a court can establish specific personal jurisdiction. To do so under Tenth Circuit law, plaintiff must show "that (1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state; and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Kindig It Design, Inc. v. Creative Controls, Inc.*, 157 F. Supp. 3d 1167, 1178 (D. Utah 2016). The purposeful availment requirement "ensures that a defendant will not be subject to the laws of a jurisdiction 'solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.'" *Id.* (quoting *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir. 2008)). Accordingly, the specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Private Capital Grp., Inc. v. Dareus*, No. 2:13-CV-18, 2014 WL 3394662, at *3 (D. Utah July 10, 2014) (citing *Walden v. Fiore,* 134 S. Ct. 1115, 1121-22, 188 L. Ed. 2d 12 (2014)) (internal quotations omitted). The mere fact that conduct affected a plaintiff with connections to the forum state does not suffice to authorize jurisdiction. *See Walden,* 134 S. Ct. at 1122. *See also, Younique, LLC v. Youssef*, Case No. 2:15-cv-00783, 2016 WL 6998659, at *3 (D. Utah Nov. 30, 2016). Here, Plaintiff has failed to satisfy its burden of establishing either general or specific personal jurisdiction; therefore, this matter must be dismissed.

### 2.    CMC is Not "At Home" in Utah; therefore, this Court Cannot Establish General Jurisdiction.

The Supreme Court has recognized that only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction. *Daimler*, 134 S. Ct. at 760 (citing *Goodyear Dunlop Tires Operations*, 131 S. Ct. 2853-54).  Specifically, the Supreme Court held that, absent extraordinary circumstances not present here, a corporate defendant shall not be found to be "at home" beyond the state in which it is incorporated and/or has it principle place of business. *See id.* ("With respect to a corporation, the place of incorporation and principle place of business are paradigm bases for general jurisdiction.") (internal quotation omitted). Indeed, "[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id*. at 762 n. 20. Accordingly, the inquiry is not whether in-forum contacts can be said to be in some sense "continuous and systematic," it is whether the "affiliations with the state are so continuous and systematic as to render [it] essentially at home in the forum state." *Id.* (quoting *Goodyear Dunlop Tires Operations*, 131 S. Ct. 2851).

In *Daimler*, the defendant was not incorporated in California and did not maintain its principle place of business in that state. *Id.* at 752.  However, one of its independent subsidiaries did maintain multiple facilities in the forum, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine. *Id.*[1]  Moreover, the record showed that the subsidiary was "the largest supplier of luxury vehicles to the California market,"

---

[1]  The Ninth Circuit had found that the subsidiary's contacts with the forum state were attributable to the defendant under an agency theory; therefore, the defendant itself was considered to have physical operations and sales in the forum state. *See Daimler Ag v. Bauman*, 134 S. Ct. 746, 760, 187 L. Ed .624 (2014).

accounting for 2.4% of worldwide sales. *Id.* Based on these contacts, the plaintiff argued that general jurisdiction was established.  The Supreme Court disagreed.

Even with these contacts, the Court held that the defendant could not be considered "at home" in the forum. *Id.* at 762.  If those limited contacts—albeit continuous and systematic—allowed adjudication of the foreign-rooted case in the forum, the same global reach would presumably be available in every other State in which sales were sizeable. *Id.* "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-478, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).  Thus, arguing the existence of general jurisdiction based on such limited contacts was found to be "unacceptably grasping." *Id.* "[O]nly in an exceptional case [will] general jurisdiction be established in a forum state outside of the corporation's state of incorporation or principle place of business." *See Dimitrov v. Nissan North America, Inc.*, Case No. 15 C 06332, 2015 WL 9304490, at *4 (N.D. Ill. Dec. 22, 2015) (quoting *U.S. Bank National Assoc. v. Bank of America, N.A.,* 14 C 1492, 2015 WL 5971126, at *7 (S.D. Ind. Oct. 14, 2015) (quoting *Daimler*, 134 S. Ct. at 761 n. 19)).

This is not the exceptional case that the *Daimler* court foresaw. Here, contacts with Utah are far less "continuous and systematic" than those present in *Daimler*; therefore, an attempt to establish general jurisdiction over CMC here would be even more "grasping." CMC is incorporated in Delaware and its principle place of business is in Irving, Texas. *See* Exhibit 1 (Declaration of Brian Thomson), ¶¶ 3-4.  CMC's only physical contact with the State of Utah is a single facility in Brigham City, Utah. *Id.* at ¶ 5.  CMC has locations in twenty-five (25) other states and elsewhere around the world. *Id.* at ¶ 8.  Of the 7,871 people employed in the United

States by CMC, only 17 of them are employed in Utah (0.2% of the United States employee population). *Id.* at ¶¶ 6-7.  In fact, employment by CMC in Utah is one of the smallest compared to other states in which it has a physical presence—e.g., Florida (8 locations); South Carolina (17 locations); and Texas (61 locations). *Id.* at ¶ 9.  Accordingly, CMC can hardly be considered to be "at home" in Utah.[2]

Indeed, if these relatively nominal contacts were found to be sufficient, its opponents could argue that CMC would automatically be subject to all-purpose jurisdiction in over half of the States in this Country—a result that the Supreme Court in *Daimler* characterized as an "exorbitant exercise[] of all-purpose jurisdiction…" 134 S.Ct. at 761-62.  To avoid such a result, courts across the country have refused to find general jurisdiction based on contacts far greater than those present in this case. *See e.g., Nicholson v. E-Telequote Ins., Inc.,* Case No. 14-cv-4269, 2015 WL 5950659, at *3 (N.D. Ill. Oct. 13, 2015) (finding that "doing 10 percent of your business in Illinois does not make a corporation 'at home,'" because otherwise corporations would have "homes" in numerous states); *Gucci America, Inc. v. Weixing Li,* 768 F.3d 122, 135 (2d Cir. 2014) (refusing to find general jurisdiction even though the defendant had branch offices in the forum because it was incorporated and headquartered elsewhere).  For the same reason, this Court should find that CMC is not "at home" in this forum and that the facts do not support

---

[2] The general jurisdiction inquiry examines corporate activities worldwide—not just contacts in the forum state—to determine where it can rightly be considered at home. *See Daimler*, 134 S.Ct. at 762, n. 20 (calling for an appraisal of activities in their entirety, nationwide and worldwide). If the magnitude of business activities in the forum state substantially exceed the magnitude of activities in other places, general jurisdiction may be appropriate in the forum state. *Id.* Absent such a showing, general jurisdiction is improper. *See e.g., Brown v. Lockheed Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (determining that general jurisdiction over defendant was improper where the number of employees in the forum represented less than 0.05% of the full workforce and where the amount of gross revenue that defendant derived from operations in the forum never exceeded 0.107% of total annual revenue); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (finding general jurisdiction lacking where California contacts were minor compared to its other worldwide contacts).

deeming this an "exceptional case" warranting a finding of general jurisdiction beyond the states in which CMC is incorporated or headquartered.

      **3.**    **CMC Lacks the Minimum Contracts Required to Establish Specific Jurisdiction.**

Since general jurisdiction cannot be established, Plaintiff must demonstrate specific personal jurisdiction in Utah to avoid dismissal. In determining whether such jurisdiction exists, the Court considers "whether the defendant purposefully directed its activities at [] the forum, and whether the plaintiff's claim arises out of or results from 'actions by the defendant [itself] that create a substantial connection with the forum state.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Burger King*, 471 U.S. at 472, and *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)). The basic idea is to "ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Dudnikov*, 514 F.3d at 1071 (10th Cir. 2008). As shown below, all acts of CMC relating to this copyright infringement claim occurred outside of Utah. The only connection with this state relating to Plaintiff's copyright infringement claim is that Plaintiff resides here—a random and fortuitous fact that specific jurisdiction aims to avoid. Thus, CMC, who purposefully restricted its training sessions to a small number of geographic locations—none of which were in Utah—and specifically required its Utah supervisors to travel to Arizona for such training, could not have reasonably anticipated being hailed into court here and should not be subject to jurisdiction in Utah. *See* Exhibit 1, at ¶ 11-13.

> **a)**   **All Acts giving rise to this copyright infringement claim occurred outside of Utah; therefore, specific personal jurisdiction is improper.**

The specific jurisdiction inquiry "focuses on the 'the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1121. "Due Process limits…principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Id.* (quoting *Keeton v. Hustle Magazine, Inc.*, 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977))).   "Put simply, [no matter how] significant the plaintiff's contact with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* (quoting *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980). Indeed, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125. Therefore, in establishing specific jurisdiction, courts must focus on the contacts of the defendant with the state, not contact of the plaintiff, and certainly not the mere fact that plaintiff suffered an injury within the forum—an all-too-common (and fallacious) basis for jurisdiction in copyright cases. *See* 5 Patry on Copyright § 17:151.

Based on this standard, courts, when addressing actions based on copyright infringement, have refused to find specific jurisdiction over the defendant—alleged to have infringed the copyrights—when the acts of infringement occurred outside of the forum state and the only contact with the forum related to the action was the location of the plaintiff. *See e.g.*, *Nu Image, Inc. v. Does 1-23,* 799 F. Supp. 34 (D.D.C. 2011) (refusing to find specific jurisdiction over defendant because the acts of infringement occurred outside of the forum—despite the fact that the defendant knew that the plaintiff resided in the forum). For the same reason, this Court should similarly refuse to find specific personal jurisdiction over CMC in this case.

9

Here, Plaintiff has sued CMC for copyright infringement based on the allegation that "training materials depict identical and/or substantially similar versions of copyright-protected content, including but not limited to The 5 Choices, The 7 Habits, and The Time Matrix." *See* Dkt. No. 2, at ¶ 60.  Upon information and belief, Plaintiff claims that these infringing activities occurred in Utah. *See* Dkt. No. 2, at ¶¶ 7 and 57.  Plaintiff is wrong.  In fact, all acts taken by CMC relating to this copyright infringement claim occurred outside of Utah. The Training Materials were created entirely in Texas, not Utah. *See* Exhibit 1, at ¶ 10.  All seminars conducted using these Training Materials took place in states other than Utah.  *Id.* at ¶ 11.  Finally, the Training Materials were never distributed in Utah.  *Id.* at ¶ 13.

The only connection with this state and Plaintiff's copyright infringement claim is the random and fortuitous fact that Plaintiff—the owner of the allegedly infringed copyrights—is located here. This, on its own, is insufficient to establish specific personal jurisdiction over CMC.  *See Walden,* 134 S. Ct. at 1121 (stating that the Supreme Court has consistently rejected attempts to satisfy the defendant-focused "minimum contact" inquiry by demonstrating contacts between plaintiff and the forum State). *See also* 5 Patry on Copyright § 17:61 (noting that establishing specific personal jurisdiction over an alleged copyright infringer, simply because the plaintiff resides in the forum and the resulting harm from the infringement is felt there, is no longer good law as a result of the 2014 Supreme Court opinion in *Walden*). Instead, in copyright cases the court should locate the situs of the original event that caused the alleged injury (*i.e.,* Texas in this case), rather than the place where any resultant damages are felt. *See* 5 Patry on Copyright § 17:159. Accordingly, as all acts taken by CMC relating to Plaintiff's copyright infringement claim occurred outside of Utah, specific personal jurisdiction cannot be established in this State.

### b)    None of the actions taken by CMC were "purposefully directed" at Utah.

In cases involving intentional torts, acts taken in a foreign state can still establish personal jurisdiction in the forum state if the acts were "purposefully directed" at the forum State. The Tenth Circuit has drawn heavily from the decision in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), to define the contours of the "purposeful direction" requirement. *See e.g.*, *Shrader v. Biddinger*, 633 F.3d 1235, 1239-40, 1244 n.7 (10th Cir. 2011); *Dudnikov*, 514 F.3d at 1072.[3] The Tenth Circuit has interpreted the *Calder* "effects test" to rise to the level of "purposeful direction" by a non-resident defendant if three showings are made: the defendant (a) commits "an intentional action"; (b) that is "expressly aimed at the forum state"; (c) with the "knowledge that the brunt of the injury would be felt in the forum state." *Dudnikov*, 514 F.3d at 1072.  As shown above, even if the first element can be shown, Plaintiff cannot satisfy the second or third element; therefore, specific jurisdiction is improper in this forum under the *Calder* effects test.

Under the second element, the "express aiming test," the Tenth Circuit "focuses more on a defendant's intentions—where was the 'focal point' of its purposive efforts—as opposed to the consequences of the defendant's actions—where was the alleged harm actually felt by the plaintiff." *Id*. at 1075. "Although 'some courts have held that the expressly aimed portion of *Calder* is satisfied when the defendant individually targets a known forum resident,'" the Tenth Circuit has "'taken a somewhat more restrictive approach, holding that the forum state itself must be the focal point of the tort.'" *Id*. at 1074, n. 9 (citing *Far West Capital, Inc. v. Towne*, 46

---

[3] Courts have questioned whether copyright infringement should be considered an intentional tort. *See NTE LLC v. Kenny Construction Co.*, No. 14 C 9558, 2015 WL 6407532, at *2, n. 1 (N.D. Ill. Oct. 21, 2015) (noting a debate as to whether copyright infringement is, in fact, an intentional tort).  Out of an abundance of caution, and because Plaintiff fails to establish personal jurisdiction under the *Calder* effects test, CMC shall address this issue in full.

F.3d 1071, 1080 (10th Cir. 1995), and *Remick v. Manfredy*, 238 F.3d 248, 259-60 (3d Cir. 2001)). In other words, Plaintiff is required to prove that the allegedly infringing activities were directed at Utah, not merely that Plaintiff is a resident of Utah. *See American Covers, Inc.*, 2014 WL 4956363 at *4 ("To be expressly aimed at the forum state, a defendant's actions must do more than individually target a known forum resident.") (citing *Dudnikov*, 514 F.3d at 1075). As shown above, the facts in the record fail to support or establish that the allegedly infringing activities were directed at Utah. The purported copying and distribution of copyrighted materials occurred entirely outside of Utah; therefore, Utah cannot be the "focal point" of the actions. The only tie between the purported infringing actions and Utah is the fortuitous fact that Plaintiff currently has its principle place of business in Utah, a fact that the Tenth Circuit has roundly dismissed as grounds for finding "express aiming" by a defendant under the second required showing of the *Calder* effects test.

Under the third element, the Tenth Circuit has held that a non-resident defendant, such as CMC, does not have knowledge that Plaintiff would incur injuries in the forum state simply because that is where Plaintiff is located and conducts business. *See Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 98-99 (10th Cir. 2012). Even if CMC knew that Plaintiff was located in Utah at the time of its purportedly infringing activities, it would still be insufficient under the third element of the *Calder* effects test. However, there are no allegations in the Complaint that CMC knew Plaintiff resided in Utah. Therefore, Plaintiff has not established that CMC knew that the brunt of the injury from its alleged infringement would be felt here.

Accordingly, Plaintiff does not present any actions by CMC in the State of Utah that give rise to its claim for copyright infringement. Moreover, Plaintiff cannot show that actions taken

outside of Utah were purposefully directed at the State of Utah. Therefore, specific jurisdiction cannot be established over CMC in this forum.

### 4. Exercising Jurisdiction over CMC would Violate Traditional Notions of Fair Play and Substantial Justice.

Even if Plaintiff was able to demonstrate minimum contacts between CMC and Utah, which it cannot, the exercise of personal jurisdiction over CMC would still be improper because it would offend traditional notions of fair play and substantial justice. In making this determination, the Court should consider: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *OMI Holdings, Inc.*, 149 F.3d at 1095.

With respect to the first factor, "the burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction." *Id*. As discussed in detail above and in the attached declaration, CMC has limited contacts with Utah, none of the alleged acts supporting the claim occurred in Utah, and no high-level management is located in Utah. *See* Exhibit 1, at ¶¶ 10-15. Rather, all of the Training Materials were created in Texas, where CMC headquarters, high-level management, and potential witnesses are located. *Id*. Therefore, in order to litigate this case in Utah, CMC will be forced to incur substantial additional legal costs and travel costs, including appearing in this Court for trial. As a result, this factor, being of primary concern, weighs heavily in favor of this Court declining to exercise jurisdiction over CMC.

As for the second factor, the Plaintiff has asserted a federal copyright infringement claim; therefore, this Court has less interest in resolving the dispute than it would have if Plaintiff had

asserted a Utah based claim. The fourth factor also favors a finding that traditional notions of fair play and substantial justice would not be served by retaining jurisdiction in this forum.   As shown by the Federal Court Management Statistics, the median time from filing to disposition in the District of Utah is ten (10) months, compared to only 6.9 months in the Northern District of Texas, where CMC is located. U.S. Dist. Courts – National Judicial Caseload Profile, available at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2016.pdf. Similarly, the median time from filing to trial in the District of Utah is 34.2 months, compared to only twenty-one (21) months in the Northern District of Texas. *Id.* Therefore, the interest in obtaining the most efficient resolution does not support retaining jurisdiction in this forum. Finally, the fifth factor is neutral because the lawsuit does not involve any substantive social policy interests or issues.

Accordingly, the only factor that supports maintaining personal jurisdiction over CMC in this forum—assuming that "minimum contacts" can first be established—is that it is more convenient for Plaintiff. This solitary factor cannot outweigh the three factors that strongly weigh against personal jurisdiction in this state.

### C.       For the Same Reasons that this Court Lacks Personal Jurisdiction, Venue is Not Proper in this Court.

Actions arising under any Act of Congress relating to copyrights "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Where a defendant "resides" is codified "[f]or all venue purposes," including § 1400(a), at 28 U.S.C. § 1391(c). Under Section 1391(c)(2), an entity defendant, such as CMC, resides in each district in which it is "subject to the court's personal jurisdiction with respect to the civil action in question." Similarly, courts have concluded that a defendant "may be found" in a district, for purposes of Section 1400(a), where the defendant is amenable to process or subject to personal

14

jurisdiction. Therefore, as CMC is not subject to personal jurisdiction in Utah (and consequently this district) and was not served with the summons in this district, venue is not proper here.

## III.     CONCLUSION

For the foregoing reasons, Defendant Commercial Metals Company respectfully requests that this Court dismiss this lawsuit for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

DATED this 24th day of April, 2017.

WORKMAN NYDEGGER

By  /s/*Chad E. Nydegger*
        CHAD E. NYDEGGER

THOMPSON COBURN LLP

Dean L. Franklin (*pro hac vice to be filed*)
Justin P. Mulligan (*pro hac vice to be filed*)

*Attorneys for Commercial Metals Company*

15